UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Rodrick Gant,<br><br>                    Plaintiff,<br><br>     v.<br><br>Kendall Beckley, Andrew Ogrady,<br><br>                    Defendants. | Case No. 2:25-cv-01108-ART-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

Plaintiff Rodrick Gant is proceeding in this action *pro se* and has filed a renewed request for authority to proceed *in forma pauperis* (meaning, without paying the filing fee) under 28 U.S.C. § 1915. (ECF No. 5). Plaintiff also submitted an amended complaint, attached to his renewed application to proceed *in forma pauperis*. (ECF No. 5-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court screens Plaintiff's amended complaint[1] and recommends that his false arrest, illegal search and seizure, and *Miranda* rights claims be dismissed without prejudice (meaning Plaintiff can file them in a new case) but without leave to amend (meaning that Plaintiff cannot amend his complaint to allege them in this case). The Court makes this recommendation because Plaintiff's underlying state-court criminal case is ongoing. The Court further recommends dismissing Plaintiff's excessive force claim without prejudice and with leave to amend, meaning that Plaintiff may amend his complaint in this case to allege this claim.

---

[1] The Court screens Plaintiff's amended complaint, rather than his original complaint, because the amendment is properly made as a matter of course under Federal Rule of Civil Procedure 15(a)(1) and supersedes the original complaint. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

## I. *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 5). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II. Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff sues two Las Vegas Metropolitan Police Department officers, Officer Kendall Beckley and Officer Andrew Ogrady, for actions he alleges they took while arresting him on June 23, 2024. Plaintiff alleges that the officers arrested him based on an accusation that Plaintiff had committed sexual assault. Plaintiff claims that, although the victim gave Officer Beckley her phone with consent for Beckley to search it on June 18, 2024, officers did not search the phone until July 7, 2024, after Plaintiff's arrest.

Plaintiff alleges that, as Officer Beckley was arresting him, he asked her if she had a warrant for his arrest. She responded that she had probable cause to take Plaintiff to the station and question him. She then seized his cell phone and put him in hand cuffs without reading him his *Miranda* rights. On the drive to the station, Officer Beckley asked Plaintiff if he wanted to

talk, claiming that there was a possibility that Plaintiff could be let go. When Plaintiff invoked his constitutional rights, Officer Beckley responded, "I will just take you to [Clark County Detention Center] and book you." At some point during the arrest, Officer Beckley unlocked Plaintiff's phone by holding it up to his face. She then looked through it while she was driving to the station. Plaintiff alleges that his phone was never inventoried and that a property report states that Officer Beckley did not have possession of his phone until June 24, 2024, at 9:00 p.m., even though she had the phone the day before. Plaintiff adds that the search warrant for his phone was signed by the Honorable Eighth Judicial District Court Judge Erika Mendoza on June 24, 2024, after Officer Beckley had already looked through his phone.

Liberally construing his complaint, Plaintiff alleges five causes of action: (1) false arrest in violation of the Nevada Constitution; (2) false arrest in violation of the Fourth Amendment to the United States Constitution; (3) illegal search and seizure in violation of the Fourth Amendment to the United States Constitution; (4) excessive force in violation of the Fourth Amendment to the United States Constitution; and (5) violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

### A.  *False arrest.*

Plaintiff's claims for false arrest are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and by *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's claims that Officers Beckley and Ogrady lacked probable cause to arrest him challenge the validity of his arrest. However, there is no evidence that his conviction or sentence following that arrest has been overturned or invalidated. To the contrary, Plaintiff's criminal case is ongoing and he is scheduled for sentencing on November 20, 2025. *See State of Nevada v. Roderick Gant*, No. C-24-384869-1 (Nev.).[2]

---

[2] The Court may take judicial notice of matters of public record, including information in anther court's proceedings. *See Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

1   Under *Heck*, a plaintiff may not bring a 42 U.S.C. § 1983[3] claim based on actions that would necessarily imply the invalidity of the plaintiff's conviction or sentence unless the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. If a plaintiff wishes to challenge their arrest, prosecution, or conviction—and their conviction or sentence has not been invalidated—they may seek relief through a writ of habeas corpus. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). Courts have also extended *Heck's* rationale to state law claims that would necessarily imply the invalidity of a conviction or sentence. *See Muhammad v. Garrett*, 66 F. Supp. 3d 1287, 1300 (E.D. Cal. 2014), *aff'd sub nom. Muhammad v. City of Bakersfield*, 671 F. App'x 982 (9th Cir. 2016). Here, because Plaintiff has not shown that his criminal conviction or sentence has been invalidated, he must seek relief through a writ of habeas corpus.

Additionally, because Plaintiff's criminal case is ongoing, the Court may not interfere with it under the *Younger* abstention doctrine. Under *Younger*, federal courts follow "a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* applies if the federal action involves an ongoing state criminal prosecution. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Although trial has concluded in Plaintiff's criminal case, he is still awaiting sentencing and so, his case is ongoing. The Court therefore recommends dismissing Plaintiff's false arrest claims without prejudice (meaning he can raise them in a new case when his criminal case concludes) but without leave to amend (meaning he may not amend his complaint in this case to allege them).

**B.     *Illegal search and seizure.***

Plaintiff's claim for illegal search and seizure is currently barred by *Younger*. Because Plaintiff's criminal case is ongoing, the Court declines to decide whether Officer Beckley

---

[3] Plaintiff's Fourth Amendment claim arises under 42 U.S.C. § 1983. That statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

unlocking Plaintiff's phone by holding it up to his face and then searching its contents constituted a warrantless search. *See Sprint*, 571 U.S. at 72-73 ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution"). The Court therefore recommends dismissing this claim without prejudice but without leave to amend.

### C. *Excessive force.*

For one of his claims, Plaintiff checks a box labeled "excessive force." But Plaintiff does not allege any facts showing that Officers Beckley or Ogrady used force against him, let alone excessive force. In analyzing excessive force claims under the Fourth Amendment, courts ask whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Because Plaintiff does not allege that Officers Beckley or Ogrady used force, their actions are objectively reasonable. The Court therefore recommends dismissing Plaintiff's excessive force claim without prejudice and with leave to amend if Plaintiff can allege what force officers used against him.

### D. *Miranda* **claim.**

Plaintiff claims that Officer Beckley violated his rights because she failed to read him his *Miranda* rights. However, Plaintiff does not allege that he gave any incriminating testimony or that any testimony he gave was used against him. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (finding that an officer's failure to read *Miranda* warnings to a plaintiff, without more, did not violate the plaintiff's constitutional rights and could not be grounds for a § 1983 action). An officer's failure to read a detainee their *Miranda* rights, alone, does not constitute a Constitutional violation. *See id.* However, even if Plaintiff did allege that he made statements that were used against him, the Court would be barred by *Heck* and *Younger* from deciding Plaintiff's claim. So, the Court recommends dismissing Plaintiff's *Miranda* claim without prejudice but without leave to amend.

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **granted.** Plaintiff will **not** be required to pay an initial installment fee.

Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center will forward payments from the account of **Rodrick Gant, Inmate No. 2802829**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Clark County Detention Center** at 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's false arrest, illegal search and seizure, and *Miranda* claims be **dismissed without prejudice but without leave to amend**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's excessive force claim be dismissed **without prejudice and with leave to amend**.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that

(1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: October 7, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE